## GREENE *v.* STATE

[No. 2, September Term, 1962.]

*Decided October 9, 1962.*

The cause was argued before the full Court.

*Irving S. Reamer* for the appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A.*

*Harris, State's Attorney for Baltimore City*, and *George J. Helinski, Assistant State's Attorney*, on the brief, for the appellee.

PER CURIAM.

Judge Foster, sitting without a jury in the Criminal Court of Baltimore, convicted appellant of rape and perverted practice and sentenced him generally to seven years' confinement. The validity of the perverted practice conviction is not challenged.

Appellant urges that there was insufficient evidence to prove that the intercourse, which is admitted, was not voluntary and that the testimony of the victim to the contrary was so full of contradictions as to make it completely unreliable and of no probative value.

Assuming that it is necessary to decide whether there was error in the judgment and sentence for rape—since the sentence was a general one and within the maximum for perverted practice (*cf. Nelson v. State*, 224 Md. 374)—we find no error.

As we read the record, the matter is simply one of credibility, depending on which of the witnesses the trier of fact believed. Judge Foster found the testimony of the eighteen-year-old victim that she had been forced against her will to submit in a parked automobile, to be direct and unembellished and her explanations natural and logical. He was convinced she was telling the truth by her "demeanor and the manner in which she conducted herself on the stand." It follows that he did not find her testimony inconsistent and contradictory. There was corroboration of her claim that force was used to overpower her resistance by marks of violence on her face and blood stains on her clothing, and by some of the testimony of two witnesses for the State. It is plain to us that we cannot say that Judge Foster was clearly wrong in his findings of fact as we would have to be able to do under Md. Rule 886 (which is made applicable to appeals in criminal cases by Rule 772) before a reversal could come about.

*Judgment Affirmed.*